KATHLEEN M. RHOADS (SBN: 144466)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendant
UNITED RENTALS NORTHWEST, INC.
(erroneously sued herein as UNITED RENTALS, UNITED RENTALS OF CHICO and UNITED RENTALS, INC.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HANSBROUGH and SANDY HANSBROUGH,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED RENTALS, UNITED RENTALS OF CHICO, UNITED RENTALS, INC., GENIE INDUSTRIES and DOES 1 to 45, inclusive,<br><br>Defendants. | CASE NO. 2:09-CV-02419-LKK-GGH<br><br>**STIPULATED REQUEST AND ORDER** |

Pursuant to stipulation of the parties and Local Rule 6-144 the parties hereby request that the Court continue the expert designation and report disclosure deadline to September 30, 2010 and the discovery cut-off to October 15, 2010. The request is made on the basis of the following stipulation:

1. Despite engaging in written discovery and depositions to prepare for trial, the parties have been unable to identify the particular piece of equipment involved in the accident. Identification and inspection of the particular piece of equipment is important to allow the parties to complete trial preparations. Through discovery the parties have determined the equipment involved in the plaintiffs' claim is one of three scissor lifts.

2. Plaintiffs' counsel made contact with a former employee of plaintiffs employer

who plaintiffs believed was able to identify the specific equipment involved in the claim. On July 16, 2010, the deposition of this former employee (Robin Henson) was completed. Unfortunately, Mr. Henson could not definitively identify the subject equipment.

3. Given the current state of discovery, in order to prepare meaningful expert reports, the parties' experts will need to inspect all three scissor lifts. One of the lifts is now in Virginia, and the location of the other two lifts has not yet been determined.

4. Following Mr. Henson's deposition, counsel agreed to consider with their clients proceeding to mediation without inspection of the three lifts in an effort to resolve the case without incurring the significant expense of having experts travel to three locations to inspect three different lifts.

5. If mediation is unsuccessful, the parties will proceed with the inspection of each of the three potential lifts. There is insufficient time for the parties to complete inspection of the machines or to participate in mediation before the current expert disclosure deadline of July 30, 2010. Thus, the parties request this date be changed to September 30, 2010, both to allow time for inspection and for a mediation.

6. The parties previously obtained an order extending the expert disclosure deadline as we anticipated that Mr. Henson would identify the subject lift and our experts could proceed with their inspection.

7. Continuing the date of the expert disclosure deadline will not affect the pre-trial conference date or the trial date set by the Court in its Pretrial Scheduling Order. The parties will still disclose experts prior to the litigation status report. In order to allow expert discovery, however, the parties request the discovery cut-off date be changed from September 9, 2010 to October 15, 2010. This short extension would allow the parties to attempt to resolve the case short of trial.

8. All parties stipulate that they will attempt to complete mediation without identification of the subject lift. If mediation is unsuccessful, the parties' experts will conduct their inspections of the three scissor lifts. The parties will incur significant expense if they are forced to have their experts conduct the inspection of three scissor lifts prior to mediation. These

-2-

Stipulated Request and [Proposed] Order          2:09-CV-02419-LKK-GGH

expenses might make the resolution of the case more difficult.  Accordingly, the parties stipulate and request that the Court extend the expert disclosure deadline to September 30, 2010 and the discovery cut-off to October 15, 2010.

DATED:  July 22, 2010         PETERS, RUSH HABIB & McKENNA

By:_____/s/_____
James P. McKenna
Attorney for Plaintiffs
Michael Hansbrough and Sandy Hansbrough

DATED:  July 22, 2010         CARROLL. BURDICK & McDONOUGH

By:_____/s/_____
Larry B. Panek
Attorney for Defendant
Genie Industries

DATED:  July 22, 2010         GORDON & REES

By:_____/s/_____
Kathleen M. Rhoads
Attorney for Defendant
United Rentals Northwest, Inc.

## ORDER

Based on the stipulation of the parties and good cause appearing therefore, the Court extends the deadline for expert disclosure to and including September 30. 2010.  The Court extends the discovery cut-off date to and including October 15, 2010.

**SO ORDERED**.

Dated: July 26, 2010

_[signature]_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT